**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**TIMOTHY A. SHANKLIN,**
      **Petitioner,**

**v.**                                  **Case No.  3:11cv357/RV/MD**

**KENNETH S. TUCKER
and RICHARD COMEFORD,**
      **Respondents.**

_____

**REPORT AND RECOMMENDATION**

      **This case is before the court on Timothy A. Shanklin's ("Mr. Shanklin") July 28, 2011 petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), later amended (doc. 7).  Respondent has requested that this court dismiss the petition as time-barred (doc. 18).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.**

**BACKGROUND AND PROCEDURAL HISTORY**

      **On October 26, 2006, Mr. Shanklin was charged by information with burglary of an unoccupied dwelling and grand theft in violation of Sections 810.02 and**

812.014 respectively, Florida Statutes, in the Circuit Court of Okaloosa County, Florida in case number 06-CF-2720 (doc. 18-1, ex. A)[1]. On May 11, 2007, Mr. Shanklin was charged by information with grand theft in violation of Section 812.014, Florida Statutes, in the Circuit Court of Okaloosa County, Florida in case number 07-CF-974. *Id*. On December 20, 2007, he was charged by amended information with burglary of an unoccupied dwelling and grand theft in violation of Sections 810.02 and 812.014 respectively, Florida Statutes, in the Circuit Court of Okaloosa County, Florida in case number 07-CF-975. *Id*.

On January 10, 2008, Mr. Shanklin entered straight up pleas of nolo contendere for all charges in the three cases during a hearing before the state court (ex. B and C). On February 20, 2008, Mr. Shanklin was adjudicated guilty and sentenced to 118.8 months (ex. D and E). On April 9, 2008, Mr. Shanklin filed a motion to modify his sentence pursuant to Rule 3.800(c), Florida Rules of Criminal Procedure (ex. F). The trial court denied the motion on August 7, 2008 by written order (ex. G).

On March 22, 2010, Mr. Shanklin filed a motion for post conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (ex. H). The Rule 3.850 court denied the motion in a written order dated November 9, 2010 (ex. K). Mr. Shanklin filed a motion for reconsideration and rehearing, which was denied on December 30, 2010 (ex. L). Mr. Shanklin then appealed to the Florida First District Court of Appeal ("First DCA"), which affirmed *per curiam* on April 14, 2011 (ex. N). Mandate issued on May 2, 2011. *Id*.

Mr. Shanklin filed the instant petition for federal writ of habeas corpus on July 28, 2011 (doc. 1), later amended on September 13, 2011 (doc. 7).

---

[1]Hereinafter, all references to exhibits will be to those provided at Doc. 18-1, unless otherwise noted.

## DISCUSSION

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A person in custody pursuant to a state court judgment must file a federal habeas corpus petition within one year from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition." *Ilarion v. Crosby*, 179 Fed. Appx. 653, 654 (11th Cir. 2006).  The Eleventh Circuit has held that the "AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (relying on *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)); *see also Ferreira*, 494 F.3d at 1292 ("the judgment to which

[section 2254(a)] refers is the underlying conviction and *most recent sentence* that authorizes the petitioner's current detention") (emphasis added).

According to the tolling provision of Section 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation. 28 U.S.C. § 2244(d)(2). Although the federal statute does not define "properly filed," the Supreme Court has construed the phrase. *See Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1315-16 (11th Cir. 2006). In *Artuz*, the Supreme Court explained that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8. The laws and rules about filings generally prescribe the form of the document, the time limits on its delivery, and the court and office in which it must be filed. *Id.* Importantly, an application that was erroneously accepted (i.e. it did not comply with procedural requirements) will be pending, but it will not be "properly filed." *Artuz*, 531 U.S. at 9. Federal courts must give "due deference" to state procedural rules governing filings to determine whether an application for post-conviction relief is "properly filed" under Section 2244(d)(2). *See Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004). Though deference only applies when the procedural rules are "firmly established and regularly followed," that a state procedural rule is discretionary does not necessarily disqualify it as a "firmly established" and "regularly followed" rule. *See Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003); *Beard v. Kindler*, __ U.S. __, 130 S. Ct. 612, 618, 175 L. Ed. 2d 417 (2009).

Mr. Shanklin pleaded nolo contendere to all charges in the three cases and was ultimately sentenced on February 20, 2008 (ex. D and E). He did not move for

rehearing, or appeal to the First DCA[2].  Accordingly, his conviction became "final" for purposes of Section 2244 on March 21, 2008, thirty days later.  Fla.R.App.P. Rule 9.140(b)(3).  The federal habeas statute of limitations began to run on that date.  *See* 28 U.S.C. § 2244(d)(1).  Therefore, in order to be timely, Mr. Shanklin had to file his federal habeas petition by March 23, 2009[3] absent any tolling.

Mr. Shanklin filed his Rule 3.800(c) motion on April 9, 2008 (ex. F).  Respondent argues that this motion did not toll the statute of limitations (doc. 18, p. 4).  This court agrees.  *See Baker v. McNeil*, 439 Fed Appx. 786 (11th Cir. 2011) (unpublished).  In *Baker*, the Eleventh Circuit held that state court motion for discretionary sentence reduction pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure was not an application for state post-conviction or other collateral review, and thus petitioner's filing of such a motion did not toll the one-year limitations period for filing a federal habeas petition.  *Id*. at 788-89.  The motion in *Baker*, alike here, was only a request for leniency and not a vehicle for raising legal error in the sentence because the rule vested the trial court with absolute discretion to mitigate a sentence.  *Id*.  Moreover, Florida law does not permit an appeal from trial court's disposition of a motion brought under this rule.  *Id*.

---

[2] It is questionable whether Mr. Shanklin could appeal his sentence because he pleaded nolo contendere and did not expressly reserve the right to appeal his sentence (ex. D).  *See* Florida Statutes Section 924.051(4):

> If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.

*See also* Florida Statutes Section 924.06(3):

> A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo contendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal.

However, for arguments sake, the court will analyze the statute of limitations as if he would have been able to appeal to the First DCA because the conclusion is the same.

[3] Since the one year statute of limitations, March 21, 2009, fell on a Saturday, then the actual last day is the next business day, Monday, March 23, 2009.

Since Mr. Shanklin had until March 23, 2009 to file his habeas petition, and the instant petition was filed well after that date (July 28, 2011), then it is untimely.  *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).  Mr. Shanklin filed his Rule 3.850 motion almost exactly a year later, on March 22, 2010 (ex. H).  This properly filed motion could not toll the statue of limitations because his one-year federal statute of limitations had already expired. 28 U.S.C. § 2244(d).

Section 2244(d) is subject to equitable tolling.  *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562-63 (citation and internal quotation marks omitted).  Equitable tolling is an extraordinary remedy to be applied sparingly, and the petitioner has the burden of establishing he is entitled to it.  *Drew v. Fla. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Recently, the United States Supreme Court clarified that counsels' failure to inform petitioner or the court that they no longer would represent petitioner, while letting the time to file a notice to appeal lapse, constituted cause to excuse petitioner's procedural default.  *Maples v. Thomas*, __ U.S. __, 132 S.Ct. 912 (2012).

Mr. Shanklin has not alleged any facts to entitle him to equitable tolling.  Mr. Shanklin has the burden of establishing he is entitled to equitable tolling, and based on the pleadings, this court finds that he has failed to meet that burden.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  Mr. Shanklin has not established entitlement to equitable tolling or any other exception to the limitations period.  Therefore, respondent's motion to dismiss (doc. 18) should be granted, and the petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 18) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), later amended (doc. 7) challenging the conviction and sentence in *State of Florida v. Shanklin*, in the Circuit Court of Okaloosa County, Florida, case numbers 06-CF-2720, 07-CF-974 and 07-CF-975 be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 21st day of March, 2012.


/s/ *Miles Davis*

      MILES DAVIS
      UNITED STATES MAGISTRATE JUDGE




## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).